UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| WILMA CHRISTINE WALKER PARTIN | CIVIL ACTION NO. 09-2229 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WAL-MART LOUISIANA, LLC, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

  Before the Court is a Magistrate Appeal (Record Document 30) filed by Plaintiff Wilma Christine Walker Partin ("Partin"). Partin appeals Magistrate Judge Hayes' July 31, 2010 Memorandum Order (Record Document 28), which granted in part and denied in part a Motion for Protective Order filed by Defendants. Defendants opposed the Magistrate Appeal. See Record Document 32.

  The decision by a magistrate judge as to discovery issues, specifically a ruling on a motion for protective order, is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hayes' Memorandum Order of July 31, 2010 (Record Document 28) is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions de novo, and will review her factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

In the Motion for Protective Order, Defendants sought to prevent Partin from publicly disseminating video footage of the November 20, 2009 incident ("the Video") which ultimately killed Partin's mother. Defendant Wal-Mart also sought the destruction of the Video no later than thirty days after the conclusion of the instant matter.

In her ruling on the Motion for Protective Order, Magistrate Judge Hayes reasoned:

> In the instant matter, Wal-Mart has shown good cause for a protective order to be issued regarding the public dissemination of the Video **prior to trial**. Without such a protective order, Partin could – and most likely will . . . – release the Video to local media outlets. The graphical nature of the Video would most likely prejudice potential jurors who see the Video on the local news against Wal-Mart, thereby affecting Wal-Mart's right to a fair trial. Wal-Mart thus has a legitimate interest in preventing the public dissemination of the Video prior to trial.
> Furthermore, although the public has a legitimate interest in the information disclosed in the Video, as such information is in all likelihood important to public health and safety, this does not necessarily warrant disclosure of the Video itself to the public. Monroe based television outlets have apparently already aired stories about Davis' death. . . .
> In addition, a protective order against the public dissemination of the Video prior to trial will not burden or inconvenience Partin. . . .
> Finally, this court fails to see how the part of Wal-Mart's proposed order which seeks the destruction of the Video after the conclusion of the instant matter is justified by the reason that Wal-Mart seeks the protective order – to prevent the tainting of the jury pool.

Record Document 28 at 3-4. Therefore, the Motion for Protective Order was granted to the extent that it sought to prevent the public dissemination of the video footage of the events leading to the death of Partin's mother on November 20, 2009 at the Wal-Mart Supercenter in West Monroe, Louisiana prior to the trial in this matter. See id. at 5. The motion was denied to the extent that it sought the destruction of the video footage at the conclusion of this matter. See id. The protective order will terminate at the conclusion of the proceedings in this matter. See id.

Federal Rule of Civil Procedure 26(c) governs this case. Rule 26(c) provides that

a the court may, "for good cause," issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P. 26(c). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." In re Terra Intern., Inc., 134 F.3d 302, 306 (5th Cir. 1998) (internal citation and quotations omitted).

"A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal." Harris v. Amoco Production Co., 768 F.2d 669, 683-684 (5th Cir. 1985). However, if the party from whom discovery is sought shows "good cause," as contemplated by Rule 26(c), "the presumption of free use dissipates, and the district court can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and what use can be made of them once obtained." Id. at 684.

The undersigned finds that Magistrate Judge Hayes' Memorandum Order of July 13, 2010 was neither clearly erroneous or contrary to law. First, the Court agrees that good cause was established in this matter. Partin relies heavily upon Shingara v. Skiles, 420 F.3d 301 (3rd Cir. 2005); however, Shingara is easily distinguishable from the instant case. The Shingara court was faced with reviewing "a broad and sweeping protective order" that prohibited the dissemination of **all** discovery materials. Id. at 307 (emphasis added). Additionally, the Third Circuit specifically noted "that this case involves public officials and issues important to the public." Id.

Here, Magistrate Judge Hayes' protective order was not a blanket prohibition against

the disclosure of any information produced in discovery. Rather, it was narrowly tailored to prohibit dissemination of only the Video prior to trial, such that the prospective jury pool in the Monroe area would be shielded against the Video's graphic content. Magistrate Judge Hayes also considered the public safety, acknowledging that the public has a legitimate interest in information important to public health and safety. Yet, her conclusion that the public interest does not necessarily warrant disclosure of the Video is sound, as Monroe based television outlets have already aired news stories about the incident involved in this case and the disclosure of the Video would provide no additional value, from a safety perspective, to the public. Further, as noted by Magistrate Judge Hayes, the undersigned finds no burden or inconvenience to Partin by the issuance of a protective order against the public dissemination of the Video prior to trial.

In conclusion, the Protective Order issued on July 13, 2010 was within the sound discretion of this court, as the substantive and temporal limitations of the Protective Order satisfy the requirements of Rule 26(c). The Magistrate Appeal (Record Document 30) filed by Partin be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of February, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE